```
                                              FILED
                                         2015 JUN 30 PM 2:03
                                         CLERK U.S. DISTRICT COURT
                                         NORTHERN DISTRICT OF OHIO
                                                  AKRON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:15 CR 239 |
| v. | ) | |
| | ) | JUDGE  JUDGE GAUGHAN |
| WILLIAM E. ALLONAS, III, | ) | |
| | ) | Title 31, United States Code, § 5324(a)(3) |
| Defendant. | ) | |

The United States Attorney charges:

**GENERAL ALLEGATIONS**

At all times material and relevant to this Information:

1. The defendant, WILLIAM E. ALLONAS, III ("ALLONAS"), was a resident of Bucyrus, Ohio, which is located in the Northern District of Ohio, Eastern Division.

2. At the direction of a person known to the United States Attorney whose initials are K.J., on approximately July 14, 2005, ALLONAS established Safe Medical Solutions, also known as SMS International ("SMS"), as an Ohio limited liability company, doing business in Ohio, with its principal place of business in Bucyrus, Ohio, and with ALLONAS as its sole partner. SMS was a "shell company" that did not manufacture, distribute, or otherwise sell any actual goods or services, and did not have any tangible assets.

2

3. ALLONAS previously established a company known as Crystal Marketing & Production ("Crystal Marketing"), which he used from at least as early as 2007 at the direction of K.J. Since at least as early as 2007, Crystal Marketing was a "shell company" that did not manufacture, distribute, or otherwise sell any actual goods or services, and did not have any tangible assets.

4. Between in or around April 2007 and in or around October 2012, ALLONAS used and maintained approximately fifteen bank accounts at First Federal Community Bank, which is located in Bucyrus, Ohio. ALLONAS titled these various accounts to himself, personally, to SMS, and to Crystal Marketing. ALLONAS maintained control of all such accounts. (Collectively, these accounts are referred to herein as the "First Federal Accounts.")

5. First Federal Community Bank was a "domestic financial institution" within the meaning of Title 31, United States Code, Section 5300, *et seq.*, and subject to the requirements of the Bank Secrecy Act. Such requirements included, among other things, First Federal Community Bank to file Currency Transaction Reports ("CTRs") for currency transactions conducted at its institution in excess of $10,000. 31 U.S.C. § 5313.

6. ALLONAS received and accepted checks from K.J. made payable to ALLONAS, to SMS, and to Crystal Marketing. Many of those checks were drawn on an account from a company associated with K.J. that had the initials M.S.S., while others of them were cashiers' checks purchased by M.S.S. Such checks were often in amounts greater than $10,000, and often included a notation in the memo line stating "parts, "manufacturing," or "R&D." In truth and in fact, as ALLONAS then well knew, such funds were not for parts, nor for any other goods and services provided; instead, such funds were the proceeds of an investment fraud scheme being perpetrated by K.J. and others. K.J. typically delivered those checks to ALLONAS in person.

3

7. ALLONAS deposited such checks into the First Federal Accounts. Often, after making such deposits, ALLONAS withdrew some or all of the deposited funds in cash, often in amounts close to but less than $10,000 at a time, some or all of which he returned to K.J.

The United States Attorney further charges:

## COUNT 1
### (Structuring Transaction to Evade Reporting Requirement, 31 U.S.C. § 5324(a)(3))

8. Paragraphs 1 through 7 of this Information are realleged and incorporated by reference as if fully set forth herein.

9. On or about the dates set forth below, in the Northern District of Ohio, Eastern Division, WILLIAM E. ALLONAS III, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and attempt to structure the following transactions with a domestic financial institution, and did so while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period:

| Date | Description of Transaction |
|---|---|
| December 21, 2009 | ALLONAS withdrew $9,000 in U.S. currency from First Federal Community Bank, Main Branch |
| December 22, 2009 | ALLONAS withdrew $7,000 in U.S. currency from First Federal Community Bank, South Branch |
| December 23, 2009 | ALLONAS withdrew $9,000 in U.S. currency from First Federal Community Bank, South Branch |
| February 26, 2010 | ALLONAS withdrew $9,200 in U.S. currency from First Federal Community Bank, Main Branch |
| February 27, 2010 | ALLONAS transferred $3,000 between the First Federal Accounts to cover a check written on February 26, 2010, to a third-party for a one-day cash loan |
| March 1, 2010 | ALLONAS withdrew $4,300 in U.S. currency from First Federal Community Bank, South Branch |

4

| | |
|---|---|
| August 13, 2010 | ALLONAS withdrew $8,000 in U.S. currency from First Federal Community Bank |
| August 19, 2010 | ALLONAS withdrew $8,800 in U.S. currency from First Federal Community Bank |
| August 20, 2010 | ALLONAS withdrew $9,000 in U.S. currency from First Federal Community Bank |
| August 27, 2010 | ALLONAS withdrew $9,500 in U.S. currency from First Federal Community Bank |
| September 10, 2010 | ALLONAS withdrew $5,700 in U.S. currency from First Federal Community Bank |
| September 13, 2010 | ALLONAS withdrew $6,600 in U.S. currency from First Federal Community Bank |
| October 29, 2010 | ALLONAS withdrew $8,000 in U.S. currency from First Federal Community Bank |
| November 4, 2010 | ALLONAS withdrew $9,500 in U.S. currency from First Federal Community Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3); and Title 31, Code of Federal Regulations, Section 103.11.

5

The United States Attorney further charges:

## FORFEITURE

For the purpose of alleging forfeiture pursuant to Title 31, United States Code, § 5317(c)(1), the allegations of Count 1 are incorporated herein by reference. As a result of the foregoing offenses, defendant WILLIAM ALLONAS, III, shall forfeit to the United States any property, real or personal, involved in such offenses and any property traceable to such property.

STEVEN M. DETTELBACH
United States Attorney

By: *Bernard A. Smith*

Bernard Smith
Acting Attorney-In-Charge
Criminal Division
Akron Branch Office